BEFORE THE THIRD DIVISION, JUNE 25, 1947

**No. 51816.**—S. B. Penick & Co. *v.* United States, protest 130491–K (New York).

Opinion by CLINE, J. At the trial it was stipulated that the merchandise consists of henna powder similar in all material respects to that the subject of *J. L. Hopkins & Co., Inc.* v. *United States* (34 C. C. P. A. 67, C. A. D. 344). The claim for free entry under paragraph 1670 was therefore sustained.

**No. 51817.**—J. Sammes et al. *v.* United States, protests 987515–G, etc. (New York).

Opinion by CLINE, J. In accordance with stipulation that certain items of the merchandise are similar in all material respects to the cheese the subject of *S. A. Haram* v. *United States* (17 Cust. Ct. 37, C. D. 1016), the claim at 5 cents per pound, but not less than 20 percent ad valorem, under paragraph 710, as modified by the trade agreement with Finland (T. D. 48554), was sustained. It was further stipulated that certain items of the merchandise are the same as the cheese involved in *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. As to this merchandise it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese.

**No. 51818.**—Henry Kelly Importing & Distributing Co., Inc., et al. *v.* United States, protests 122735–K, etc. (New York).

Opinion by CLINE, J. At the trial it was stipulated that the merchandise, issues, and facts in this case are similar in all material respects to those involved in *United States* v. *Browne Vintners & Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), and that the quantities reported by the inspector as not landed were not in fact landed. In accordance with the stipulation it was held that as to the quantities reported by the inspector as not landed, the importers are entitled to a refund in duties and internal revenue taxes assessed thereon.